IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAN SHI, | ) |
| | ) No. 2:23-cv-01709-RJC |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Robert J. Colville |
| | ) |
| FORBES HEALTH FOUNDATION d/b/a Allegheny Health Network Forbes Regional Hospital, ALLEGHENCY HEALTH NETWORK (AHN) PSYCHIATRY AND BEHAVIORAL HEALTH INSTITUTE, HIGHMARK, INC., ALLEGHENY HEALTH NETWORK, CHURCHILL BOROUGH POLICE STATION, RONALD M. AKERLEY in his official capacity as the Police Chief, JOHN DOES 1-5 in official capacity as the Churchill Borough Police, and JOHN DOES 6-15 as the medical tortfeasors, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is Plaintiff, Nan Shi's, Response to Order to Show Cause (ECF No. 12). On March 7, 2024, this Court issued an Order (ECF No. 11) directing Plaintiff to show good cause why this matter should not be dismissed, without prejudice, due to Plaintiff's failure to effectuate service on any of the Defendants or for failure to prosecute. For the reasons discussed below, this Court finds that Plaintiff has failed to show good cause why this action should not be dismissed, without prejudice, and further finds that no further discretionary extensions of time to serve are warranted in this matter.

**I.      Background**

1

Plaintiff commenced this action by filing a Complaint (ECF No. 1) on September 29, 2023. Plaintiff brings this action against Defendants, Forbes Health Foundation d/b/a Allegheny Health Network Forbes Regional Hospital, Allegheny Health Network (AHN) Psychiatry and Behavioral Health Institute, Allegheny Health Network, Highmark, Inc., Churchill Borough Police Station, Ronald M. Akerley, in his official capacity as the Police Chief, John Does 1-5, in their official capacity as the Churchill Borough Police, and John Does 6-15, as the medical tortfeasors, for false imprisonment, assault, battery, intentional medical malpractice, and institutional negligence. Compl. 6-9.  Plaintiff alleges that he is a resident of New York and, therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties. *Id.* at ¶ 9.  Plaintiff additionally alleges that this Court has jurisdiction pursuant to § 1331 because he is asserting a federal question, specifically "whether it is unconstitutional for [the] police and hospital . . . to detain an individual without any legal proceeding." *Id.* at ¶ 10.[1]

Plaintiff further alleges that on October 1, 2021, police officers barged into his home, forcefully removed him from his home, and took him to Allegheny Health Network Forbes Regional Hospital. *Id.* at ¶ 11-12.  Plaintiff alleges that he was forcefully kept at the hospital and given no information as to why he was there. *Id.* at ¶¶ 13-15.  He then alleges that he lost consciousness following an injection and woke up on a car with no memory as to how he returned home. *Id.* at ¶ 16.  Then, on October 5, 2021, the police returned and boarded up his home, with everything inside, and sold it with no notice to Plaintiff. *Id.* at ¶ 18.

---

[1] The Court understands Plaintiff to be asserting a violation of his procedural due process rights.  However, Plaintiff's Complaint raises no specific cause of action concerning a violation of procedural due process outside this one sentence.

2

On November 21, 2023, Plaintiff filed an Affidavit of Service stating that he had served the Defendants, or their counsel, by commercial third party carries on October 2, 2023. ECF No. 10. The Affidavit of Service contains FedEx receipts indicating that the Complaint was mailed by FedEx Express Server to Forbes Health Foundation, Ronald Akerley, Churchill Police Station, Allegheny Health Network, and Highmark, Inc. *Id.* Each receipt indicates that the Complaint was delivered to the front desk and/or mailroom and signed for by an individual, identified by first initial and last name only.[2] *Id.*

On March 7, 2024, this Court entered an Order directing Plaintiff to show good cause, by no later than March 21, 2024, why this matter should not be dismissed, without prejudice, due to Plaintiff's failure to serve the Defendants or for failure to prosecute. March 7, 2024 Order, ECF No. 11. Plaintiff filed his Response (ECF No. 12) to this Court's March 7, 2024 Order on March 20, 2024. Plaintiff asserts that he has, in fact, served the Defendants, and that he has submitted sufficient proof of such service. Resp. to Order to Show Cause 1, ECF No. 12.

**II.     Legal Standard**

Fed. R. Civ. P. 4(m) provides that a court, on motion or on its own after notice to the plaintiff, must dismiss an action without prejudice if a defendant is not served within ninety days following the filing of the complaint. The court must extend the time for service, however, if a plaintiff shows good cause for failure to serve. Fed. R. Civ. P. 4(m). Absent a showing of good cause, a court may, in its discretion, dismiss an action without prejudice or extend the time for service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

---

[2] The last names listed on the FedEx receipts do not match the last name of any Defendant in this matter, and the Court has no information by which to determine who these individuals are.

### III. Discussion

#### A. Were Defendants Served with Process in this Matter?

In Plaintiff's Response to this Court's March 7, 2024 Order directing Plaintiff to show good cause why this case should not be dismissed without prejudice for failure to serve Defendants within the time allowed by Rule 4, Plaintiff asserts that he has, in fact, served the Defendants with process in this matter. Resp. to Order to Show Cause 1, ECF No. 12. Accordingly, before determining whether dismissal of this action or an extension of time for service is appropriate under Fed. R. Civ. P. 4(m), the Court must first determine whether any Defendant has been properly served.

With respect to service on an individual within a Judicial District of the United States, Federal Rule of Civil Procedure 4 provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:
> >
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > >
> > > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > >
> > > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). With respect to corporations and state or local government entities, Federal Rules of Civil Procedure 4(h)(1) and 4(j)(2) similarly require personal service or service in

accordance with state law. Pursuant to Fed. R. Civ. P. 4(d), a plaintiff may notify an individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) that an action has been filed against that defendant, and request that the defendant waive service. Fed. R. Civ. P. 4(d). "Absent a waiver, the Federal Rules require either personal service or, pursuant to Fed. R. Civ. P. 4(e)(1), service that complies with state law." *Boley v. Kaymark*, 123 F.3d 756, 757 (3d Cir. 1997).

The purported service in this case is defective. Plaintiff argues that he served the Defendants by mailing the Complaint to the named Defendants. *See* Resp. to Order to Show Cause 1, ECF No. 12. However, Plaintiff has not submitted anything to this Court which would support a finding that Defendants have been formally served with process in this matter. Service by mail is not one of the enumerated methods of service provided for by Federal Rules of Civil Procedure 4(e)(2), 4(h)(1), or 4(j)(2). Further, while Pennsylvania state law permits service of original process on an individual defendant *outside the Commonwealth* by mail, the same is not true with respect to individuals residing within the Commonwealth. *See* Pa.R.C.P. 402; 403; 404. Pa.R.C.P. 403 further provides that such process must be mailed to the defendant by a "form of mail requiring a receipt signed by the defendant or his authorized agent." Pa.R.C.P. 404(2); Pa.R.C.P. 403. With respect to proof of service by mail, Pa.R.C.P. 405(c) provides:

> (c) Proof of service by mail under Rule 403 shall include a return receipt signed by the defendant or, if the defendant has refused to accept mail service and the plaintiff thereafter has served the defendant by ordinary mail,
>
> (1) the returned letter with the notation that the defendant refused to accept delivery, and
>
> (2) an affidavit that the letter was mailed by ordinary mail and was not returned within fifteen days after mailing.

Pa.R.C.P. 405(c).

All Defendants are located within the Commonwealth.  Plaintiff's Complaint provides an address for each Defendant that is within Pennsylvania.  *See* Compl. ¶¶ 4-8.  As such, service on these Defendants could not be effectuated by mail pursuant to either the Federal Rules of Civil Procedure or the Pennsylvania Rules of Civil Procedure.

For the reasons discussed above, the Court finds that Plaintiff has not established that any Defendant has been properly served in this matter.  Because the Court finds that the Defendants have not yet been served in this action, and because the deadline for service has passed, the Court must determine whether a further extension of time to serve the Defendants in this case is warranted.

**B.  Has Plaintiff Shown Good Cause?**

If a plaintiff shows good cause for a failure to serve, a court must grant an extension of time for service.  Fed. R. Civ. P. 4(m).  The United States Court of Appeals for the Third Circuit has "equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'"  *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995) (Becker, J., concurring in part and dissenting in part)).  The factors a court should consider in deciding whether to grant a mandatory extension are: "(1) whether the plaintiff made a reasonable effort to serve the defendant; (2) whether the plaintiff moved for an enlargement of time to serve (arguably before the expiration of the 120 day period); and (3) whether the defendant is prejudiced by the lack of timely service."  *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 526 (M.D. Pa. 2010) (citing *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995)).  In

determining whether good cause has been shown, a court looks primarily to the plaintiff's reasons for not serving the defendant within the requisite timeframe. *Gonzalez*, 268 F.R.D. at 526. Further, an absence of prejudice alone is insufficient to support a finding of good cause. *Id*.

Plaintiff has not established good cause with respect to his failure to serve the Defendants in this matter. To date, Plaintiff has not formally served Defendants. While Plaintiff may have believed that his efforts to serve were effective, the Court notes that "ignorance of the law does not rise to the level of exhibiting a reasonable basis for [a party's] noncompliance with the service requirements of Rule 4." *Id.* (citing *U.S. ex rel. Shaw Environ., Inc. v. Gulf Ins. Co.*, 225 F.R.D. 526, 528 (E.D. Va. 2005)).

Despite the Court issuing an Order to Show Cause, Plaintiff made no further efforts to determine whether service had been effectuated in this matter and at no point requested an extension of time to complete service. The Court further notes that Defendants have, at a minimum, suffered some prejudice in this matter due to the amount of time that has passed as a result of Plaintiff's failure to timely serve Defendants with process in this lawsuit that has now been pending for almost nine months. *See Gonzalez*, 268 F.R.D. at 527 ("As with any claim, the more stale a claim becomes, the more likely it is that a defendant may become prejudiced by the lack of timely service."). Moreover, an absence of prejudice alone is insufficient to support a finding of good cause. *Id.* at 526. Because Plaintiff has not made a reasonable effort to serve Defendants in this matter, and because Defendants have suffered some increased risk of prejudice, this Court finds that Plaintiff has not shown good cause warranting a mandatory extension of time for service.

### C. Is a Discretionary Extension of Time for Service Warranted?

In the absence of a showing of good cause, a court may, in its discretion, dismiss an action without prejudice or extend the time permitted for service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Factors that a district court may consider in deciding whether to grant a discretionary extension include: "1) if the applicable statute of limitations would bar the refiled action; (2) if the defendant is evading service or conceals a defect in attempted service; (3) if the plaintiff is appearing pro se[;] (4) actual notice of the legal action; (5) prejudice to the defendant; and (6) other factors that may be relevant." *Gonzalez*, 268 F.R.D. at 528 (M.D. Pa. 2010) (citing *Petrucelli*, 46 F.3d at 1305–06 (3d Cir.1995)); *see also Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009).

With respect to the issue of whether the applicable statutes of limitations would bar Plaintiff from refiling this action, Plaintiff's Complaint asserts claims for false imprisonment, assault, battery, intentional medical malpractice, and institutional negligence. Compl. 6-9. The Complaint additionally appears to attempt to state a cause of action for violation of his right to procedural due process. *Id.* at ¶ 10.

The statute of limitations for Plaintiff's false imprisonment, assault, battery, medical malpractice, negligence, and procedural due process claims is two-years. 42 Pa.C.S. § 5524. Based on a review of the Complaint and the allegations asserted, it is likely that Plaintiff's claims accrued on October 1, 2023, if not October 5, 2023.[3] Given the passage of time since the commencement of this action and given that Plaintiff filed his Complaint near or at the expiration of the statute of limitations for his claims, it is likely, though not certain, that his claims will be barred by the applicable statute of limitations if this Court dismisses this action without prejudice.

---

[3] The Court acknowledges that various factors may have tolled the applicable statute of limitations, that are not known to the Court at this time.

Because the Court cannot be certain that Plaintiff's refiled action would be time-barred in part or in whole, and because this uncertainty arises, in part, from Plaintiff's failure to plead facts necessary for this determination or, to otherwise, set forth argument in his Response to this Court's Order to Show Cause, this factor weighs only slightly in favor of granting a discretionary extension.

With respect to whether Defendants have evaded service or attempted to conceal a defect in service, the Court finds that this factor weighs in favor of dismissal. The record in this matter does not reflect that any Defendant has attempted to avoid service in this matter. As discussed above, the record before the Court indicates that Plaintiff has not properly effectuated service in this matter. The Court finds that there is no basis to conclude that any Defendant has attempted to evade service or conceal a defect in attempted service. Rather, it is Plaintiff's own actions that resulted in the failure to timely serve Defendants. Accordingly, this factor weighs in favor of dismissal without prejudice.

Turning to the third factor, the Plaintiff is appearing *pro se* in this matter, and that factor thus weighs in favor of granting a discretionary extension.

As for the fourth factor, whether Defendants have notice of the action, the Court notes that Plaintiff avers that he mailed his Complaint to each of the Defendants in this matter. Resp. to Order to Show Cause 1, ECF No. 12. Additionally, counsel for Defendants Forbes Health Foundation and Allegheny Health Network have appeared in this matter. The Court finds that this factor is neutral because, while receipts were filed showing that the Complaint was mailed to the Defendants, the Court has no information as to whether the Complaint was received by the named Defendant. Therefore, there is no information before this Court to indicate whether any Defendant

has actual notice of this action, besides Defendants Forbes Health Foundation and Allegheny Health Network, who have entered their appearance.  Therefore, this factor is neutral.

As discussed above, Defendants have suffered some prejudice in this matter due to the amount of time that has passed as a result of Plaintiff's failure to timely serve Defendants with process in this lawsuit that has now been pending for almost nine months.  *See Gonzalez*, 268 F.R.D. at 527 ("As with any claim, the more stale a claim becomes, the more likely it is that a defendant may become prejudiced by the lack of timely service.").  Accordingly, this factor weighs in favor of dismissal and against the granting of a discretionary extension.

Finally, the Court may look to "any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint."  *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009).  The Court finds that under the circumstances of this case, there are no other factors for the Court to consider.

Weighing all of the above factors, the Court finds that dismissal without prejudice is appropriate in this action, and will not grant a discretionary extension of time for Plaintiff to serve Defendants.  While Plaintiff's claims may be barred by the applicable statutes of limitations, the Court notes that the United States Court of Appeals for the Third Circuit has emphasized "that the running of the statute of limitations does not require the district court to extend time for service of process."  *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir. 1995).  Further, it is Plaintiff, and not Defendants, who is exclusively at fault for Plaintiff's failure to serve Defendants by the deadline imposed by Fed. R. Civ. P. 4(m).  Defendants have also suffered prejudice due to the delay caused by Plaintiff's failure to serve Defendant's in a timely manner.  These factors outweigh any factors that weigh in favor of a discretionary extension in this matter, and this Court is thus within its discretion to dismiss Plaintiff's case without prejudice.

**IV.     Conclusion**

Accordingly, for the reasons discussed above, the Court will dismiss this case, without prejudice, and direct the Clerk of Courts to mark this case as closed.  An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

Dated: June 11, 2024

cc:     Nan Shi
        nnoex1997@gmail.com